# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PYOD, LLC, a Delaware limited liability company, NORTHLAND GROUP, INC., a Minnesota corporation, and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

Jesse Meyer, an individual, on his own behalf and on behalf of all others similarly situated



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SAN DIEGO COUNTY DIVISION
2014 MAR 25 AM 9: 40
(7)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* North County Regional Center<br><br>325 South Melrose Drive<br>Vista, California 92081 | **CASE NUMBER:** *(Número de Caso):*<br>37-2014-00008110-CU-BT-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ethan Preston, 8245 North 85th Way, Scottsdale, Arizona 85258, (480) 269-9540

| | | | |
|---|---|---|---|
| **DATE:** *(Fecha)* MAR 2 5 2014 | Clerk, by *(Secretario)* | I. Plasencia | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* PYOD , LLC, a Delaware limited liability company

under: [ ] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[X] other *(specify):* Limited Liability Company

4. [ ] by personal delivery on *(date):* 4/01/2014

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FROM Advanced Attorney Services                    (WED)MAR 26 2014 11:42/ST.11:36/No.8300818125 P 7

1 | David C. Parisi (162248)
   | Suzanne Havens Beckman (188814)
2 | PARISI & HAVENS LLP
   | 212 Marine Street
3 | Santa Monica, California 90405
   | (818) 990-1299 (telephone)
4 | (818) 501-7852 (facsimile)
   | dcparisi@parisihavens.com
5 | shavens@parisihavens.com
6 | Ethan Preston (263295)
   | PRESTON LAW OFFICES
7 | 8245 North 85th Way
   | Scottsdale, Arizona 85258
8 | (480) 269-9540 (telephone)
   | (866-509-1197 (facsimile)
9 | ep@eplaw.us

*Attorneys for Plaintiff Jesse Meyer, on his own*
10 | *behalf, and behalf of all others similarly situated*

**FILED**
NORTH COUNTY DIVISION

2014 MAR 25  AM 9: 40

(72)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**VIA FAX**

11 |
12 | **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

13 | JESSE MEYER, an individual, on his own
   | behalf and on behalf of all others similarly
14 | situated,

15 |                    Plaintiff,

16 |         v.

17 | PYOD, LLC, a Delaware limited liability
   | company, NORTHLAND GROUP, INC., a
18 | Minnesota corporation, and DOES 1-100,
   | inclusive,
19 |
20 |                    Defendants.

No.

37-2014-00008110-CU-BT-NC

**CLASS ACTION COMPLAINT FOR**

(1) **DECLARATORY RELIEF
    (CODE CIV. PROC. § 1060); AND**

(2) **VIOLATIONS OF THE
    ROSENTHAL FAIR DEBT
    COLLECTIONS PRACTICES
    ACT (CIV. CODE, § 1788-1788.33)**

21 |                    **CLASS ACTION COMPLAINT**

22 | Plaintiff Jesse Meyer ("Meyer" or "Plaintiff"), makes this complaint against Defendant

23 | PYOD, LLC ("PYOD") and Defendant Northland Group, Inc. ("Northland"), as well as Does 1

24 | to 100 (collectively, "Defendants"). Plaintiff's allegations as to his own actions are based on

25 | personal knowledge. The other allegations are based on his counsel's investigation of publicly

26 | available documents and interviews with witnesses, and information and belief.

27 |                    **Introduction**

28 |     1.     Defendants are debt collectors. In the regular course of Defendants' business, they

Class Action Complaint

1   buy consumer debts and/or alleged debts and/or collect (or attempt to collect) such debts and/or

2   alleged debts from consumers.

3        2.     In particular, Defendants regularly seek to collect debts and/or alleged debts from

4   consumers from California consumers which are outside of the four year statute of limitations set

5   forth in Code of Civil Procedure section 337 ("Debts"). Plaintiff asserts a claim for declaratory

6   relief under Code of Civil Procedure section 1060 for himself and a class of all California

7   consumers whose Debts are time-barred under Code of Civil Procedure section 337 and either

8   Defendants obtained their credit report, or sent them a letter seeking to collect such Debt.

9   Plaintiff also seeks attorneys' fees under California Code of Civil Procedure section 1021.5.

10        3.     In the course of collecting these Debts, Defendants dun class members for these

11   debts. Defendants' communications regarding the Debts are potentially misleading inasmuch as

12   they (a) leave a misleading impression that the Debts are valid, due, owing, and/or legally

13   operative; (b) fail to disclose that the Debts are time-barred; and (c) fail to disclose that any

14   payment on the Debts could revive such Debt. Defendants' communications also violate the

15   Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") because they do not contain

16   certain disclosures required under 15 U.S.C. § 1692g(a), which has been incorporated into the

17   Rosenthal Act. Plaintiff asserts a claim under Civil Code section 1788.17 for statutory damages

18   and costs, together with a reasonable attorneys' fee, for himself and a subclass of class members

19   who received communications from Defendants which failed to make the disclosures required

20   under 15 U.S.C. § 1692g(a).

21        4.     In the course of collecting these Debts, Defendants also obtain credit reports

22   relating to California residents based on the express and/or implied representation that these

23   Debts are valid and owed by California residents. Credit reporting is a heavily regulated industry

24   at both the federal and state level. One of the overarching goals of the credit-reporting

25   regulations is protecting consumer privacy. To accomplish that goal, access to credit reports is

26   limited to credit report users with a "permissible purpose," which are enumerated in the statutes.

27   Federal law limits the disclosure of consumer credit reports to users who, e.g.,

28        intend[] to use the information in connection with a credit transaction involving

---

Class Action Complaint          2

> . the consumer on whom the information is to be furnished and involving the . . . collection of an account of . . . the consumer . . .

(15 U.S.C. § 1681b(a)(3)(A).) Likewise, California law limits the disclosure of consumer credit reports to users who, e.g.

> [i]ntend[] to use the information in connection with a credit transaction . . . involving the consumer as to whom the information is to be furnished and involving the . . . collection of an account of . . . the consumer . . .

(Civ. Code, § 1785.11, subd. (a)(3)(A).) Defendants do not have relationship with the class members which would support any permissible purpose outside the collection of the Debts.

5.     Indeed, Defendants would violate federal law unless they accessed these credit reports with the intent to collect the Debts. "A person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification." 15 U.S.C. § 1681b(f). California law provides a similar prohibition. (Civ. Code, § 1785.19, subd. (a).)

6.     On information and belief, Northland obtained a credit report from Experian concerning Plaintiff Jesse Meyer on the express or implied representation that it was collecting such a Debt, and that such Debt was valid, due, owing, and/or legally operative. Neither PYOD nor Northland has a relationship with Meyer that would support any other permissible purpose. Without declaratory relief, Defendants could perpetually and indefinitely dun Meyer and the other members of the class for such Debts and claim a "permissible purpose" to access their credit reports. Further, when Defendants acquire the credit reports of Meyer and the other class members, it is recorded and included as a "hard inquiry" on the credit reports. Hard inquiries damage the credit scores of Meyer and the other class members. Without declaratory relief, Defendants could perpetually and indefinitely harm Meyer and the other class members' credit scores by causing "hard inquiries" to appear on the credit reports. There is an actual controversy between Defendants and Meyer regarding this Debt sufficient to warrant the issuance of a declaratory judgment under Code of Civil Procedure section 1060.

**Parties**

7.     Plaintiff Jesse Meyer is a natural person residing in the County of San Diego at the time this action was filed. Meyer brings this action on behalf of himself and others similarly situated.

8.     Defendant PYOD, LLC is a Delaware limited liability company which maintains offices at 625 Pilot Road, Las Vegas, Nevada, 89119.

9.     Defendant Northland Group, Inc. is a Minnesota corporation which maintains its offices at 7831 Glenroy Road, Suite 250, Edina, Minnesota 55439. Northland is PYOD's agent with respect to any act or omission relevant to this complaint; Plaintiff alleges that Northland undertook all actions alleged in this Complaint in its capacity as PYOD's agent.

10.     Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 100, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein. On information and belief, all Doe Defendants are citizens of California.

11.     Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

12.     All Defendants, including Does 1 through 100, are collectively referred to as "Defendants."

Class Action Complaint                                    4

1    13.    Whenever this complaint refers to any act of Defendants, the allegations shall be

2  deemed to mean the act of those defendants named in the particular cause of action, and each of

3  them, acting individually, jointly and severally, unless otherwise alleged.

4  <center>**Jurisdiction and Venue**</center>

5    14.    This Court may exercise jurisdiction over this case and these parties under Code

6  of Civil Procedure § 410.10. This is a court of general jurisdiction, and the amount in

7  controversy exceeds this court's jurisdictional minimum. Plaintiff and all members of the

8  proposed Class are residents of California.

9    15.    Venue in this County is proper under Code of Civil Procedure section 395.5,

10  because Defendants' liability arose in this County. Venue in this County is also proper under

11  Code of Civil Procedure section 395, because Defendants do not reside in California under the

12  meaning of the venue statutes. Defendants' principal places of business are outside the state of

13  California.

14    16.    All allegations in this complaint are based on information and belief and/or the

15  documents and information currently available and in the hands of Plaintiff's attorneys, and are

16  such that additional evidentiary support and detail will be forthcoming after a reasonable

17  opportunity for further investigation or discovery.

18  <center>**The Declaratory Judgment Act**</center>

19    17.    The Declaratory Judgment Act provides litigants with a cause of action for

20  declaratory relief:

21      Any person . . . who desires a declaration of his or her rights or duties with respect
      to another . . . may, in cases of actual controversy relating to the legal rights and
22      duties of the respective parties, bring an original action or cross-complaint in the
      superior court for a declaration of his or her rights and duties . . . He or she may
23      ask for a declaration of rights or duties, either alone or with other relief; and the
      court may make a binding declaration of these rights or duties, whether or not
24      further relief is or could be claimed at the time. The declaration may be either
      affirmative or negative in form and effect, and the declaration shall have the force
25      of a final judgment. The declaration may be had before there has been any breach
      of the obligation in respect to which said declaration is sought.
26
27  (Code Civ. Proc., §1060.) Meyer seeks a declaration that the Debts are time-barred under Code

28  of Civil Procedure section 337, and are no longer valid, due, owing, and/or legally operative (if

---

Class Action Complaint                                5

1  they ever were). If Defendants filed suit on the Debts, Meyer and the other class members could

2  obtain final judgment against the Debts by asserting the statute of limitations as an affirmative

3  defense. This would prevent Defendants from asserting the Debts in court and limit the use of

4  Debts in other ways (such as selling the Debts as valid causes of action). Declaratory relief is

5  necessary because the Debts are time-barred, and there is no indication that Defendants will ever

6  sue on time-barred debts.

7      18.     Meyer also seeks a separate declaratory order that, once the Court enters

8  declaratory judgment on the Debts, Defendants no longer have any "permissible purpose" to

9  access the credit reports of Meyer and the other class members under 15 U.S.C. § 1681b or Civil

10  Code section 1785.11. Because Defendants may never sue on the Debts, the only way for Meyer

11  and the other members of the class to obtain the relief sought above is an action for declaratory

12  relief.

13                    **The Rosenthal Fair Debt Collections Practices Act**

14      19.     The Legislature passed the Rosenthal Act in 1977, finding that "[u]nfair or

15  deceptive collection practices undermine the public confidence which is essential to the

16  continued functioning of the banking and credit system and sound extensions of credit to

17  consumers." (Civ. Code, § 1788.1, subd. (a)(1).) The Legislative expressly stated that the

18  purpose of the Rosenthal Act was "to prohibit debt collectors from engaging in unfair or

19  deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly

20  in entering into and honoring such debts[.]" (Civ. Code, § 1788.1, subd. (b).)

21      20.     In 1999, the Legislature amended the Rosenthal Act by adding Civil Code section

22  1788.17. Civil Code section 1788.17 requires "every debt collector collecting or attempting to

23  collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive,

24  of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

25  Thus, the Rosenthal Act effectively applies the many of the same requirements and remedies as

26  the federal Fair Debt Practices Collection Act to a broader definition of debt collectors. These

27  requirements include (with some exceptions) 15 U.S.C. § 1692g(a). Section 1692g requires that

28  debt collectors provide, in their initial communication to debtors or alleged debtors, the

Class Action Complaint                                         6

following disclosures:

> a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(3), (4), (5).

## Plaintiff's Individual Allegations

21.     Meyer's individual allegations arise from Northland's access to Meyer's credit report with Experian (one of the major credit reporting agencies). In 2013, Meyer learned that Northland had obtained a copy of Meyer's credit report from Experian. On August 20, 2013, Meyer served a subpoena on Northland for "[a]ll documents which support any contention that Northland had a permissible purpose under 15 U.S.C. § 1681b(a) to obtain a copy of Meyer's credit report on or about May 2, 2013."

22.     On September 6, 2013, Northland faxed a response to the subpoena. Northland's response included a variety of objections and a single page printout from a computer file which suggests that the permissible purpose which Northland claims is the collection of a Debt that is outside the statute of limitations for breach of a written contract under section 337 of the Code of Civil Procedure. Whatever other defenses Meyer might assert against this alleged Debt, it is dispositively time-barred under Code of Civil Procedure 337.

23.     On January 24, 2014, Northland sent a letter to Meyer that dunned Meyer for payment on the alleged Debt. The letter states in relevant part that the "Current Account Owner" is "PYOD LLC." The letter proposes various payment options "[i]n view of tax season and in order to assist you in clearing this debt[.]"

24.     The letter (a) leaves a misleading impression that the alleged Debt is valid, due, owing, and/or legally operative; (b) fails to disclose that the alleged Debt is time-barred; and (c)

1  fails to disclose that payment on the alleged Debt could revive the alleged Debt. The letter also

2  failed to include statutory notices under 15 U.S.C. § 1692g(a)(3), (4), and/or (5), incorporated

3  into the Rosenthal Act under Civil Code section 1788.17. On information and belief, Meyer

4  alleges that the January 24, 2014 letter is the first and only communication from Northland

5  and/or PYOD to Meyer in connection with the collection of the alleged Debt.

6       25.     Based on the letter, Meyer alleges that PYOD owns the alleged Debt, and that

7  Northland was acting in the capacity of PYOD's agent when it acquired Meyer's credit report

8  and sent the January 24 letter. Meyer alleges on information and belief that PYOD has

9  authorized and directed Northland to take certain actions as PYOD's agent (which include

10  acquiring Meyer's credit report and sending the January 24 letter to Meyer, as well as offering to

11  settle the alleged Debt at a fraction of its alleged face value). PYOD is liable for Northland's

12  actions within the scope of such agency as Northland's principal.

13       26.     On the basis of the foregoing, Meyer alleges on information and belief that (a)

14  Northland had obtained a copy of Meyer's credit report from Experian on or about May 2, 2013;

15  (b) Northland and PYOD contend that they have a permissible purpose to obtain Meyer's credit

16  report, specifically that Defendants claim that they intended to use Meyer's credit report in

17  connection with the collection of a credit account and/or consumer debt; and (c) the credit

18  account and/or consumer debt on which Defendants base their claims of permissible purpose is

19  outside the statute of limitations for breach of a written contract under section 337 of the Code of

20  Civil Procedure.

21  <div align="center">**Class Certification Allegations**</div>

22       27.     **Class Definition:** Meyer seeks to certify a class and brings this Complaint against

23  the Defendants, pursuant to Code of Civil Procedure section 382, on behalf of himself and the

24  following class:

25       All natural persons who reside in California at the time this complaint was filed

26       (1)     whom PYOD (acting on its own or through an agent such as Northland)

27                sent a letter seeking to collect a debt from such person within the last four
              years since the date this complaint was filed; or

28       (2)     whose credit report was obtained by PYOD (acting on its own or through

an agent such as Northland) within the last four years since the date this complaint was filed, where the permissible purpose for obtaining such credit report is the collection of an account (or alleged account) associated with a credit transaction; and

(3)  where PYOD purchased or purports to have purchased such account, and Defendants' records show that the statute of limitations on such account has passed, and/or

(a)  such persons resided in California at the time such account was charged off; and

(b)  such persons never made any payment on such account after it was charged off; and

(c)  Defendants have not filed suit to collect such account as of the date of this complaint was filed; and

(d)  more than four years have passed since such account was charged off ("the Class").

Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded from the class are the judge and staff to whom this case is assigned, and any member of the judge's immediate family. Meyer reserves the right to revise the definition of the Class based on facts learned during discovery. Meyer is a member of the Class that he seeks to represent.

28.     **Subclass Definition:** Meyer seeks to certify a subclass and brings this Complaint against the Defendants, pursuant to Code of Civil Procedure section 382, on behalf of himself and the following subclass:

All Class members whom Defendants sent or transmitted an initial communication regarding a Debt within one year since the date this complaint was filed which communication did not contain the validation disclosures required under 15 U.S.C. § 1692g(a)(3), (4), and/or (5), and who were not sent any other communication from the Defendants containing those validation disclosures within five days after such initial communication.

Meyer reserves the right to revise the definition of the Subclass based on facts learned during discovery. Meyer is a member of the Subclass that he seeks to represent.

29.     **Class Numerosity:** The exact number of Class members and Subclass members is unknown and is not available to Plaintiff at this time, but such information is readily ascertainable by Defendants. Inferring from Defendants' business model, Plaintiff asserts that

1  individual joinder of all Class members and Subclass members is likely to be impracticable.

2      30.    **Class Commonality:** Common questions of fact and law exist as to all Class
3  members and predominate over the questions affecting only individual Class members.
4  Identification of the individuals who qualify as Class members will be sufficient to establish
5  entitlement to declaratory relief. Identification of the individuals who qualify as Subclass
6  members will be sufficient to establish entitlement to the other remedies sought herein.

7      31.    **Typicality:** Plaintiff's claims are typical of the claims of the other members of the
8  Class and Subclass. Plaintiff is not different in any relevant way from any other Class member
9  and/or Subclass member, and the relief he seeks is common to the Class and Subclass.

10     32.    **Adequate Representation:** Plaintiff will fairly and adequately represent and
11 protect the interests of the other members of the Class and Subclass: his interests do not conflict
12 with their interests. Plaintiff has retained counsel competent and experienced in complex class
13 actions, and they intend to prosecute this action vigorously.

14     33.    **Predominance and Superiority:** The Class and Subclass alleged in this
15 Complaint are appropriate for certification because class proceedings are superior to all other
16 available methods for the fair and efficient adjudication of this controversy, since joinder of all
17 members is impracticable. The damages suffered by each individual Class and Subclass member
18 will likely be relatively small, especially given the burden and expense of individual prosecution
19 of the complex litigation necessitated by Defendants' actions. It would be virtually impossible
20 for Class members and Subclass members to individually obtain effective relief from
21 Defendants' misconduct. Even if Class members and Subclass members themselves could
22 sustain such individual litigation, it would still not be preferable to a class action, because
23 individual litigation would increase the delay and expense to all parties due to the complex legal
24 and factual controversies presented in this Complaint. By contrast, class actions present far fewer
25 management difficulties and provide the benefits of single adjudication, economy of scale, and
26 comprehensive supervision by a single Court. Economies of time, effort, and expense will be
27 fostered and uniformity of decisions will be ensured.

28     34.    **Generally Applicable Policies:** This class action is also appropriate for

Class Action Complaint                    10

1  certification because Defendants have acted or refused to act on grounds generally applicable to

2  the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief

3  with respect to the Class as a whole and the Subclass as a whole. The policies of the Defendants

4  challenged herein apply and affect Class and Subclass members uniformly, and Plaintiff's

5  challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to

6  Plaintiff.

7                                    **FIRST CAUSE OF ACTION:**
8     **Declaratory Relief, Under Code of Civil Procedure § 1060, by Plaintiff Individually
      and on Behalf of the Class against All Defendants**

9        35.    Plaintiff hereby incorporates by reference the allegations contained in all

10  preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of himself and the

11  Class Members.

12       36.    Defendants regularly seek to collect alleged Debts from California consumers

13  which are outside of the four year statute of limitations in California Code of Civil Procedure

14  section 337. In the course of collecting these Debts, Defendants send letters to Class members

15  dunning them for the Debts and obtain credit reports relating to the Class members.

16       37.    On information and belief, Defendants obtained these credit reports on the express

17  or implied representation that it is collecting these Debts, and that such Debts are valid, due,

18  owing, and/or legally operative. Defendants do not have a relationship with Meyer or the other

19  Class members that would support any other permissible purpose for obtaining the Class

20  members' credit reports. There is an actual controversy between Defendants and the Class

21  regarding the Debts sufficient to warrant the issuance of a declaratory judgment.

22       38.    If Defendants filed suit to collect the Debts, Meyer and the other Class members

23  could obtain final judgment against the Debts by asserting the statute of limitations as an

24  affirmative defense. This would prevent Defendants from asserting the Debts in court in the

25  future and limit the use of Debts in other ways (such as selling the Debts as valid causes of

26  action). Because Defendants may never sue on the Debts, the only way for Meyer and the other

27  members of the class to obtain the relief sought above is an action for declaratory relief.

28       39.    There is an actual controversy and dispute over the parties' legal rights and duties

Class Action Complaint                          11

1   associated with these Debts. The Class members have suffered concrete, actual harm from this

2   dispute, including lost privacy through Defendants' access to their credit reports. The

3   controversy between Defendants and Meyer and the other Class members has sufficient

4   immediacy and reality to warrant the issuance of a declaratory judgment. Without declaratory

5   relief, Defendants could perpetually dun Class members for the Debts and/or claim a

6   "permissible purpose" to access the Class members' credit reports.

7      40.    Under Code of Civil Procedure section 1060, Meyer seeks a declaratory judgment

8   on an individual basis and a class basis that (1) the Debts are time-barred under California Code

9   of Civil Procedure section 337; (2) the Debts are not valid, due, owing, or legally operative; and

10  (3) as a consequence, Defendants no longer have any "permissible purpose" to access the credit

11  reports of Meyer and the other Class members under 15 U.S.C. § 1681b or Civil Code section

12  1785.11, and (4) to recover the costs of the action (including attorneys' fees) under Code of Civil

13  Procedure section 1021.5.

14              **SECOND CAUSE OF ACTION:**
15  **Violation of the Rosenthal Fair Debt Collection Practices Act (Civ. Code § 1788.17) by**
    **Plaintiff individually and on behalf of the Subclass, against all Defendants**

16     41.    Meyer incorporates by reference and realleges all paragraphs previously alleged

17  herein.

18     42.    The Debts which Defendants have alleged and sought to collect relate to services

19  acquired primarily for personal, family, or household purposes, and are "consumer debts" under

20  Civil Code section 1788.2, subdivision (f).

21     43.    Defendants, in the ordinary course of their business, regularly seek to collect such

22  consumer debts. Defendants are debt collectors under Civil Code section 1788.2, subdivision (c).

23     44.    Defendants do not extend credit to consumers, and are not creditors under the

24  definition of Civil Code section 1788.2, subdivision (i). Defendants do not offer or extend credit

25  creating a debt to consumers, and are not creditors under the definition of 15 U.S.C. § 1692a(4).

26  Further, neither Defendant fits under the definition of 15 U.S.C. § 1692a(6)(A) or (B). To the

27  extent either Defendant fits under the definition of 15 U.S.C. § 1692a(6)(A) or (B) with respect

28  to a particular consumer, that consumer is excluded from the Subclass.

Class Action Complaint                    12

45.     As alleged above, Defendants violated Civil Code section 1788.17 by failing to make the validation disclosures required under 15 U.S.C. § 1692g(a)(3), (4), or (5) when initially communicating with Meyer and the other members of the Subclass, and further failing to send written notice containing such validation disclosures within five days of such initial communications. Defendants' communications to the Subclass members without the validation disclosures violated Civil Code 1788.18.

46.     Meyer, on his own behalf, and behalf of the other Subclass members, seeks to recover statutory damages from Defendants for their Rosenthal Act violations, in an amount to be determined at trial, and the costs of the action (together with a reasonable attorneys' fee) under Civil Code section 1788.17.

WHEREFORE, Plaintiff Jesse Meyer prays that the Court enter judgment and orders in his favor and against PYOD, LLC, Northland Group, Inc., and Docs 1 to 100 as follows:

a.     An order certifying the Class, directing that this case proceed as a class action, and appointing Meyer and his counsel to represent the Class;

b.     An order certifying the Subclass, directing that this case proceed as a class action, and appointing Meyer and his counsel to represent the Subclass;

c.     Declaratory judgment against Defendants, and in favor of Meyer and other members of the Class, that (1) the Debts are time-barred under California Code of Civil Procedure section 337; (2) the Debts are not valid, due, owing, or legally operative; and (3) therefore Defendants no longer have any "permissible purpose" to access the credit reports of Meyer and the other Class members under 15 U.S.C. § 1681b or Civil Code section 1785.11;

d.     An order granting costs and attorneys' fees under Code of Civil Procedure section 1021.5 in favor of the Class;

e.     Statutory damages against Defendants, and in favor of Meyer and other members of the Subclass, consistent with Civil Code section 1788.17 and 15 U.S.C. § 1692k(a)(2)(B);

f.     An order granting costs, together with a reasonable attorneys' fee, under Civil Code section 1788.17 and 15 U.S.C. § 1692k(a)(3) in favor of the Subclass;

g.     Such other and further relief as this Court may deem appropriate.

Dated: March 21st, 2014                    By: _____

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
212 Marine Street

Class Action Complaint                    13

1           Santa Monica, California 90405
            (818) 990-1299 (telephone)
2           (818) 501-7852 (facsimile)
            dcparisi@parisihavens.com
3           shavens@parisihavens.com

4           Ethan Preston (263295)
            PRESTON LAW OFFICES
5           8245 North 85th Way
            Scottsdale, Arizona 85258
6           (480) 269-9540 (telephone)
            (866-509-1197 (facsimile)
7           ep@eplaw.us

8           *Attorneys for Plaintiff Jesse Meyer, on his*
            *own behalf, and behalf of all others*
9           *similarly situated*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Class Action Complaint          14

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: March 21ˢᵗ, 2014                    By: _____

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
212 Marine Street
Santa Monica, California 90405
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866-509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Jesse Meyer, on his own behalf, and behalf of all others similarly situated*

Class Action Complaint

FROM Advanced Attorney Services                              (WED)MAR 26 2014 11:42/ST.11:36/No.9300818126 P  8

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Ethan Preston (263295)
8245 North 85th Way
Scottsdale, Arizona 85258

TELEPHONE NO.: (480) 269-9540     FAX NO.: (866-509-1197
ATTORNEY FOR (Name): Jesse Meyer

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 South Melrose Drive
MAILING ADDRESS: 325 South Melrose Drive
CITY AND ZIP CODE: Vista, California 92081
BRANCH NAME: North County Regional Center

CASE NAME:
Meyer et al. v. PYOD, LLC et al.

FILED
2014 MAR 25 AM 9: 40
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | 37-2014-00008110-CU-BT-NC |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Declaratory judgment and violations of the Rosenthal Act  (2)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 21, 2014

Ethan Preston
_____        _____
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

FROM Advanced Attorney Services                    (WED)MAR 26 2014 11:30/ST. 11:30/No. 9300916125 P  2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 325 S Melrose DRIVE |
| MAILING ADDRESS: | 325 S Melrose DRIVE |
| CITY AND ZIP CODE: | Vista, CA 92081-6605 |
| BRANCH NAME: | North County |
| TELEPHONE NUMBER: | (760) 201-8031 |

PLAINTIFF(S) / PETITIONER(S):    Jesse Meyer

DEFENDANT(S) / RESPONDENT(S):   PYOD LLC et.al.

MEYER VS. PYOD LLC

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2014-00008110-CU-BT-NC |
|---|---|

**CASE ASSIGNMENT**

Judge:  Timothy M. Casserly                    Department: N-31

**COMPLAINT/PETITION FILED:** 03/25/2014

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/12/2014 | 09:00 am | N-31 | Timothy M. Casserly |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

# Superior Court of California
## County of San Diego

# NOTICE OF ASSIGNMENT
# TO IMAGING DEPARTMENT

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website. This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

## Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

FROM Advanced Attorney Services          (WED)MAR 26 2014 11:40/ST. 11:36/No. 6300818126 P   4



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2014-00008110-CU-BT-NC     CASE TITLE:

Meyer vs. PYOD LLC

<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
   **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
   **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
   **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

FROM Advanced Attorney Services                    (WED)MAR 26 2014 11:42/ST. 11:30/No. 9300010125 P  6

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:        325 S. Melrose | |
| MAILING ADDRESS:       325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA  92081-6695 | |
| BRANCH NAME:          North County | |

| PLAINTIFF(S):    Jesse Meyer |
|---|
| DEFENDANT(S): PYOD LLC et.al. |
| SHORT TITLE:    MEYER VS. PYOD LLC |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2014-00008110-CU-BT-NC |
|---|---|

Judge: Timothy M. Casserly                                      Department: N-31

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐   Mediation (court-connected)          ☐  Non-binding private arbitration

☐   Mediation (private)                  ☐  Binding private arbitration

☐   Voluntary settlement conference (private)   ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐   Neutral evaluation (private)         ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐   Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____              Date: _____

_____                     _____
Name of Plaintiff                                    Name of Defendant

_____                     _____
Signature                                            Signature

_____                     _____
Name of Plaintiff's Attorney                         Name of Defendant's Attorney

_____                     _____
Signature                                            Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated:  03/25/2014                          _____
                                             JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)           STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION            Page: 1